

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

May 12, 1976

The Honorable Lane Denton
Chairman
Committee on Social Services
House of Representatives
P. O. Box 2910
Austin, Texas   78767

Opinion No. H-822

Re:  Effect of Governor's
determination that Texas
Youth Council appropria-
tion contingency has been
partially met or sub-
stantially met.

Dear Representative Denton:

For the Committee on Social Services you have asked
several questions regarding a rider to the 1976-1977 general
appropriations act provision for the Texas Youth Council and
the effect of certain actions of the Governor relating to
it.  The provision, in pertinent part, and the rider read:

TEXAS YOUTH COUNCIL
CENTRAL OFFICE

| | For the Years Ending | |
| --- | --- | --- |
| | August 31, 1976 | August 31, 1977 |
| . . . . | | |
| 6.  Community Services: | | |
| . . . . | | |
| c.  Alternate Care | 4,000,000 | 5,000,000 |
| . . . . | | |

Pursuant to the provisions of Article 689a-4b, Vernon's Civil Statutes, the appropriations for each fiscal year under Item 6c, alternate care, are made contingent upon a finding by the Governor that the following fact exists for each fiscal year:

1. That the Texas Youth Council has developed and adopted a plan for allocation of the appropriation for community assistance which takes into consideration full utilization of existing facilities in a given area prior to the allocation of funds for new facilities in that same area.

The appropriations for each fiscal year under item 6c are hereby appropriated for the establishment of halfway houses for the care and treatment of children under the custody of the Texas Youth Council, to be expended on salaries in addition to those specifically listed in the Schedule of Classified Positions, other expenses and all other activities for which no other provisions are made. The funds may be expended also for purchasing services, including appropriate housing, meals, psychiatric, casework and counseling services from existing public or private agencies. Acts 1975, 64th Leg., ch. 743 at 2417, 2503, et seq.

On September 29, 1975, subsequent to the effective date of the above general appropriations act provisions, the Governor advised the Comptroller of his determination that "the specified fact has been partially met" and that he was "authorizing the Youth Council to utilize $1,000,000 for the alternate care program." On February 12, 1976, the Governor further advised the Comptroller of his determination that "the specified fact has been sufficiently met to authorize the Youth Council to utilize an additional $1,000,000 in the 1976 fiscal year for the alternate care program."

The Comptroller, we are advised, has funded the appropriation item only to the extent of the $2,000,000 authorized by the Governor.

Because some of your questions are made moot by our answers, it is necessary that we respond to only three of your questions.  Your first question is:

> Is Art. 689a-4b constitutional or does it attempt to confer upon the Governor powers denied him under Art. IV, § 14 of the Constitution of the State of Texas?

Article 689a-4b, V.T.C.S., provides:

> Section 1.  The Governor of the State of Texas is authorized to find any fact specified by the Legislature in any appropriation bill as a contingency enabling expenditure of any designated item of appropriation.
>
> Sec. 2.  (a) The Governor shall base his finding on the evidence as it exists at the time of his determination; provided the Legislature may by condition in an appropriation bill require such determination to be made following a public hearing.
> (b) The decision of the Governor, together with his findings of fact, shall be filed with the Comptroller of Public Accounts and the Legislative Budget Board.
> (c) The Governor's decision shall be final, subject to review in the courts by mandamus or other appropriate legal remedies.
> (d) His certificate, under the seal of his office, stating his decision, shall be evidence of his decision.

The constitutionality and effect of article 689a-4b was considered in Attorney General Opinion H-207 (1974).  There we said:

> Insofar as the statute will authorize
> an appropriation to be made to hinge
> upon the determination by the Governor
> of the existence of a fact, and not upon
> any exercise of his discretion, we think
> it valid . . . .
>
> . . . [G]enerally, an appropriation may be
> made subject to a determination by
> the Governor, or another administrative
> officer, that an event has occurred or
> a fact exists.

In this case, the 1976 fiscal year appropriation item for the Texas Youth Council has been conditioned upon the existence of a fact, i.e., the development and adoption by the Texas Youth Council of a plan for allocation of the appropriation for community assistance which takes into consideration full utilization of existing facilities in a given area prior to the allocation of funds for new facilities in that same area.  The Governor has been delegated the responsibility for determining whether such a plan has been developed and adopted, not the responsbility for shaping the plan or for approving it.  The latter authority cannot be given him by an appropriation act rider alone.  Attorney General Opinion H-268 (1974).  See also Attorney General Letter Advisory No. 2 (1973).

The next question is:

> If the rider does call for a finding of
> fact, can the Governor determine that the
> 'fact' partially exists and thereby authorize
> only a partial expenditure of funds?  Or does
> the contingency contained in the rider apply
> to the entire appropriation so that either
> all or none is released, depending on the
> Governor's finding?

The Legislature delegated to the Governor the power to determine whether or not a particular fact exists. It has not given him the power to determine whether the appropriated funds should be released in whole or in part. Article 689a-4b permits the Governor to find a fact specified by the Legislature "as a contingency enabling expenditure of any designated item of appropriation." (Emphasis added). A definition of that term was given in Commonwealth v. Dodson, 11 S.E.2d 120 (Va. 1940) and was quoted with approval by the Texas Supreme Court in Jessen Associates, Inc. v. Bullock, 531 S.W.2d 593, 599 (Tex. Sup. 1975). The court indicated that "[a]n item in an appropriation bill is an indivisible sum of money dedicated to a stated purpose." See also Fulmore v. Lane, 140 S.W. 405 (Tex. Sup. 1911). In this case, the item of appropriation is an indivisible sum of $4,000,000. If the fact is found to exist, the whole amount appropriated for 1976 is then available to the Texas Youth Council; if it is found not to exist, none of the appropriated funds for 1976 are available to it.

Both the rider and the Governor's letters to the Comptroller speak of the appropriation being contingent upon a finding that a particular, singular fact exists. The Governor has been given no power to find a fact relative to only a portion of the item or to authorize the release of a part of the appropriated funds upon finding the existence of a different fact.

The next question is:

> If the Governor must release all or none
> of the appropriation, does the finding
> that the contingency has been partially
> met or substantially met enable the TYC
> to utilize the entire $4 million for FY
> 76?

When an act of a public officer is capable of two meanings, one within his authority and one without, the act should be construed to be lawful. Beard v. Marshall, 32 S.W.2d 496 (Tex. Civ. App. -- Eastland 1930, no writ). See 23 Tex. Jur.2d Evidence § 82 at 123 et seq. Here the Governor has advised the Comptroller on stationary bearing his

seal that "the specified fact has been sufficiently met to authorize the Youth Council to utilize an additional $1,000,000 in the 1976 fiscal year for the alternate care program." The letter to the Comptroller can be considered the Governor's certificate of his decision on the matter. See Attorney General Opinion H-573 (1975).

It is impossible to ascertain with complete certainty whether the Governor's certification was intended to indicate that the specified fact had been sufficiently met within the meaning of the rider provision or sufficiently met within his personal contemplation to justify no more than a further one million dollar expenditure. The rider gives the Governor only the option of releasing all of the funds or none of them. Since the Governor is presumed to have acted within his authority, the fact finding which he characterized as being sufficient to permit the release of $1,000,000 probably would be construed by the courts to permit the release and utilization of the entire appropriation item.

### S U M M A R Y

Where an appropriation item for the Texas Youth Council has been made contingent upon a determination by the Governor that a single, specified fact exists, the Governor's formal written advice to the Comptroller that the specified fact has been sufficiently met so as to authorize the agency to utilize a part of the appropriated funds probably would be construed by the courts as a certificate that the condition has been satisfied so as to make available to the agency the entire amount appropriated.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb